Turley, J.,
delivered the opinion of the court.
This case was before the court at the December term, 1836, when it was held that a payment of part of a debt* and a promise to discharge the balance soon, was not a sufficient request to delay suit, to prevent the operation of thé statute of limitations of two years, passed for the protection of the estates of deceased persons in the hands of executors and administrators.
Then the judge of the court below had given the jury erroneous instructions upon this point, and the judgment was reversed, and the case remanded for a new trial. As it is now presented, the charge of the circuit judge is correct, but the facts are the same, and we are now called upon to say, whether they are sufficient to support the verdict and judgment.
We are of opinion that they are not. The only proof is that of John P. Erwin, which shows that upon a demand made, the administrator paid a part of the debt and promised to pay the balance due soon. This, as has been seen, the court has heretofore determined will not stop the operation of the statute of limitations; if it will not do so, then there is no evidence whatever upon which the jury could, under the charge of the court, have legally returned the verdict, upon which the judgment was given, and it ought to have been set aside, and a new trial granted.
But it is said, that the bill of exceptions does not show that there was no other testimony, and that the court must therefore infer that there was other and sufficient evidence to warrant the verdict.
The bill of exceptions shows that this was all the material testimony in the cause, which is equivalent to saying — “there *169 was no other,” or — “this was all the testimony in the cause;” for if the testimony be not material, it is illegal and ought not to have been received, or if received, ought to have been withdrawn from the jury; and as to the question of materiality or immateriality, the court below was the proper judge, and its judgment is conclusive, as there is no bill of exceptions stating the proof, deemed to be immaterial, from which this court can determine whether that judgment were correct or erroneous.
But it is further said, that the evidence of Erwin clearly proves the fact in issue by the pleadings. If the pleadings, put in issue only the fact as to whether the defendant paid a part of the debt and promised to pay the balance soon, then is the issue immaterial, and no judgment ought to have been pronounced upon the finding, but a repleader should have been awarded. If they put in issue the fact, as to whether the defendant requested the plaintiff to delay his suit, then the proof does not sustain the verdict and a new trial ought to have been granted.
The judgment of the court below is therefore erroneous and must be reversed and the case remanded for further proceedings.